**Johnnie H. WILLIAMS–BEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54359.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 3, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Feb. 1, 1989.

Application to Transfer Denied
March 14, 1989.

Michael C. Todt, Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Carrie Diane Francke, Sp. Asst. Atty. Gen., Columbia, for respondent.

CARL R. GAERTNER, Judge.

Movant appeals the motion court's denial of a hearing in his Rule 27.26 motion. We affirm.

Movant was convicted by a jury of first degree burglary, two counts of stealing without consent, and leaving the scene of an accident, and sentenced to a total of 50 years imprisonment. The conviction was affirmed, *State v. Williams,* 717 S.W.2d 561 (Mo.App.1986). Movant, who is black, subsequently filed a pro se 27.26 motion on August 28, 1987, alleging ineffective assistance of appellate counsel, due to counsel's failure to assert the prosecution's misuse of peremptory challenges to strike three black members of the jury panel from the jury, in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Counsel was appointed pursuant to Supreme Court Rule 27.26(h) and movant was given leave to file an amended motion.

In his amended motion movant alleged violation of the 14th Amendment Equal Protection Clause, as a result of the prosecution's removal of three members of the jury panel who were black. In this amended motion he "requests an evidentiary hearing so that movant may show that he is a member of a cognizable racial group and that the State removed people from the jury for the sole reason they were of like race." The court denied the motion without a hearing, citing as reasons that movant should have raised the issue on direct appeal, and also that the trial record refuted his claim.

At the original trial, defense counsel, following voir dire, made a Motion to Quash the Jury Panel, and a hearing was held on the matter. The evidence revealed that of six peremptory challenges, three were used to strike the only three blacks on the panel. As reasons for striking those three the prosecution stated that one had previously

served in a trial involving a hung jury, and one was elderly and the prosecution was wary that, based upon a previous case involving an elderly juror, she would not understand the evidence. The third individual had a sister who had been convicted of possession of a controlled substance. The defense also produced an attorney with the St. Louis County Public Defender's Office who testified that in the nine or ten jury cases in which he had served as counsel, no black person had ever served on a jury, due to the use of peremptory challenges.

■ Under *Batson* and its Missouri counterpart *State v. Antwine*, 743 S.W.2d 51 (Mo. banc 1987) upon a showing by a defendant that he is a member of a cognizable racial group and that the prosecutor has used peremptory challenges to strike members of defendant's race from the venire, it is incumbent upon the prosecutor to offer "a neutral explanation for challenging black jurors." *Batson*, 476 U.S. at 97, 106 S.Ct. at 1723. This procedure was followed at movant's trial. Through his amended motion he seeks to repeat a hearing which already has been conducted. He was not entitled to such relief.

■ At the time of the trial, which preceded the *Batson* decision, upon hearing evidence of systematic exclusion of blacks from petit juries in criminal cases in the Circuit Court of St. Louis County, countered by the prosecutor's explanations for each of the three challenges to black veniremen, the trial judge found no constitutional discrimination under the then prevailing standards of *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). The same judge, reviewing the record under the present standards of *Batson* and *Antwine*, ruled that the allegations of the 27.26 motion were refuted by the record. Implicit in this ruling is a finding that the explanations given by the prosecutor were sufficient to overcome any presumption of discrimination in the striking of black veniremen. The trial court's finding that no discrimination was involved in the jury's selection is a finding of fact and will not be set aside unless clearly erroneous. *Antwine*, 743 S.W.2d at 61.

We find no error in this determination by the lower court. The art of jury selection necessarily entails an element of subjectivity. Counsel's reliance upon "hunches" and prior experiences, although not objectively measurable, is nevertheless permissible "so long as racial discrimination is not the motive." *Antwine*, 743 S.W.2d at 65; *State v. Jones*, 747 S.W.2d 229, 232 (Mo.App.1988). The explanations given by the prosecutor in the instant case for his challenges fall within these perimeters. Giving the findings of the trial court the deference to which they are entitled, we find no error.

The judgment is affirmed.

PUDLOWSKI, C.J., and GRIMM, J., concur.